UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael J. Walker                                              Case No.: 1:15cv500

            Plaintiff,                                   Judge Michael R. Barrett

v.

Village of Addyston, Ohio, et al.

            Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants Village of Addyston, Mayor Dan Pillow, and Addyston Village Council's Motion for Judgment on the Pleadings (Doc. 12). Plaintiff has filed a response (Doc. 16), and Defendants have filed a reply (Doc. 19).

**I.     BACKGROUND**

The facts, as alleged in Plaintiff's Complaint are as follows. Plaintiff is a former employee of the Village of Addyston ("Village") police department. (Doc. 1, PageID 2, ¶ 5). He was a full time employee from January 16, 2011 – July 31, 2013. (Id. at PageID 3, ¶ 8). Plaintiff often worked more than 40 hours per biweekly pay period. (Id. at ¶ 9). Despite being a non-exempt employee under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), Plaintiff did not receive overtime pay. (Id. at PageID 4, ¶ 13- 15).

In addition, Plaintiff did not receive the vacation time he was entitled to under the Village and police department policies and procedures – specifically, 204.6 hours at his hourly rate of $14.37/hour. (Id. at PageID 5, ¶ 22-23). Likewise, Plaintiff did not receive earned holiday pay at the required rate of 2 ½ times the hourly rate of pay. (Id. at PageID 6, ¶ 25-26). The total amount of holiday pay loss allegedly due is $3,967.04. Id.

1

Moreover, Defendants allegedly failed to submit Plaintiff's retirement contributions to the Ohio Police and Fire Pension Fund ("OP&F Fund"). (Id. at ¶ 27). Despite being eligible to contribute to the OP&F Fund, which provides better and more lucrative benefits to retirees, Defendants made his contributions to the Ohio Public Employees Retirement System ("OPERS"). (Id. at ¶ 28). As a result, Plaintiff estimates financial loss in an amount excess of $477.09 per month. (Id. at PageID 7, ¶ 32). Plaintiff also alleges that Defendants did not pay into his social security accounts. (Id. at PageID 10, ¶ 51).

Plaintiff seeks to recover against Defendants for unpaid overtime under the FLSA and conversion (wage theft) for unpaid overtime, holiday and vacation pay, and for failure to remit the appropriate payroll taxes, and social security and retirement contributions. Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claims for holiday pay, vacation pay and OP&F retirement contributions, as well as Plaintiff's claims for Social Security and Medicare Contributions. Each will be discussed in turn.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). "[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. ANALYSIS

#### A. Holiday and Vacation Pay/OP&F Retirement Contributions

Plaintiff's Complaint alleges that he is entitled to holiday and vacation pay under the Village and police department policies and procedures. He argues this Court has supplemental jurisdiction over these state law-based wage claims pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1367 gives federal courts power to exercise supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Defendants argue that this Court lacks subject matter jurisdiction over claims for holiday and vacation pay because such claims must be brought in a state law mandamus action. "It is well-settled that a claim by a public employee of entitlement to wages or benefits which are granted by statute or ordinance is actionable in mandamus." *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Education*, 42 Ohio St. 3d 86, 88 (Ohio 1989).

The Sixth Circuit has explained that federal courts may not issue writs of mandamus to compel state officers to act in accordance with state law. *Hoffman v. Stump*, 172 F.3d 48, 1998 WL 869972 (6th Cir. Dec. 2, 1998) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Although the federal court may not compel a state officer to enforce state rights, it may issue a writ of mandamus ordering a state official to enforce rights protected by federal law." *Id.* (citing *CBS Inc. v. Young,* 522 F.2d 234 (6th Cir. 1975); *Benjamin v. Macolm,* 803 F.2d 46 (2d Cir.1986)).

Defendants do not dispute that this Court has original jurisdiction over Plaintiff's claims under the FLSA. The FLSA, however, does not cover vacation or holiday pay. *See e.g. Hurd v. Blossom 24 Hour We Care Ctr., Inc.*, Cuyahoga No. 97936, 2012 WL 3133641, at *4 (Ohio App. 8th Dist. Aug. 2, 2012). Accordingly, vacation and holiday pay is not a right protected by federal law. And because Plaintiff's Complaint stems from benefits allegedly required to be provided by the Village, this Court cannot issue a writ of mandamus compelling Defendants to act.

Plaintiff argues in his response that he is entitled to these benefits under an implied contract theory – specifically, that the Village's policies and procedures handbook constitutes a binding contract on the employer. Ohio courts have explained that "[a]n employee who asserts the existence of an implied contract must prove the existence of each element necessary for the

formation * * * of a contract, including offer, acceptance, consideration, and mutual assent." *Staschiak v. Certified Logistics*, 2016-Ohio-897 (Ohio App. 11th Dist. 2016). Of significance, Plaintiff does not assert a breach of contract claim against the Village and thus, his argument is unpersuasive. (*See generally* Doc. 1). Moreover, regardless of whether Plaintiff properly pled claims for holiday and vacation pay, the result is the same – this Court cannot provide Plaintiff the relief requested.

As for Plaintiff's claims regarding Defendants' failure "to submit [Plaintiff's] contributions to the appropriate public retirement plan," they suffer the same fate as his claims for holiday and vacation pay. The OP&F fund is governed by Ohio Revised Code Chapter 742. This Court cannot compel state officers to act in accordance with state law. Because contributions to a specific pension fund are not protected by federal law, this Court does not have subject matter jurisdiction.

### B. Social Security and Medicare Care Contributions

Plaintiff argues "[a]s to the retirement and social security claims, again Plaintiff has adequately pled material allegations of claims of collection and misappropriation of retirement contributions." (Doc. 16, PageID 67). In support, however, he cites to portions of his Complaint solely addressing OP&F contributions.

Defendants argue that Plaintiff must bring this claim before the Commissioner of Social Security and thus, this Court lacks subject matter jurisdiction. The Court disagrees. Plaintiff has not filed a claim seeking Social Security benefits. Rather, Plaintiff alleges Defendants failed to pay into his Social Security accounts for wages earned, but not paid. In other words, Plaintiff argues that because he is entitled to additional wages, the Village must remit additional contributions on his behalf. Still, to the extent Plaintiff seeks to bring a separate claim against

Defendants for conversion of social security contributions, his claim fails, as such a claim does not exist.

The Complaint, however, does not appear to delineate a separate conversion claim against Defendants for failure to make social security contributions. Instead, he seeks relief in the form of "an Order or injunction directing the Defendants to pay to the appropriate authorities the unlawfully converted amounts of social security, retirement contributions, payments, employer and employee payroll tax withholding amounts not paid by the named Defendants, including Defendant Pillow, in his official capacity, Medicare contributions and all other amounts that should have been paid by the employer[.]" (Doc. 1, PageID 11). Accordingly, Plaintiff appears to request a specific remedy for his claims against Defendants under the FLSA.

### IV.    CONCLUSION

Consistent with the foregoing, Defendants' Motion (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. Accordingly, it is hereby ordered that:

1) Plaintiff's claims for holiday pay and vacation pay, as well as his claims related to his retirement contributions are **DISMISSED;**

2) To the extent Plaintiff pleads a separate claim for Social Security and Medicare contributions, it is **DISMISSED**;

3) Plaintiff's claims under the FLSA remain.

      **IT IS SO ORDERED**.

      s/*Michael R. Barrett*
      Michael R. Barrett, Judge
      United States District Court